B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Inversiones Alsacia S.A. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>N/A | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>99.577.400-3 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>N/A |
| Street Address of Debtor (No. and Street, City, and State):<br>Avenida Santa Clara 555<br>Huechuraba, Santiago, Republic of Chile<br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>N/A<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Santiago, Republic of Chile | County of Residence or of the Principal Place of Business:<br>N/A |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>N/A<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>Bank accounts at Bank of New York, New York, NY and funds at CorpBanca New York | ZIP CODE |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7        ☐ Chapter 15 Petition for<br>☐ Chapter 9           Recognition of a Foreign<br>☑ Chapter 11         Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☐ Chapter 13         Recognition of a Foreign<br>                            Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☑ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only) Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>-----<br>Check all applicable boxes:<br>☑ A plan is being filed with this petition.<br>☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☑ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☑ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Inversiones Alsacia S.A. | | |
|---|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | | |
| Location Where Filed: N/A | Case Number: N/A | | Date Filed: |
| Location Where Filed: N/A | Case Number: N/A | | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | | |
| Name of Debtor: (see attached) | Case Number: | | Date Filed: |
| District: Southern District of New York | Relationship: | | Judge: |

| Exhibit A<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | Exhibit B<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)   (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                                    Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Inversiones Alsacia S.A. |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C § 342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>Date |
| **Signature of Attorney***<br><br>X */s/ Lisa M. Schweitzer*<br>Signature of Attorney for Debtor(s)<br>Lisa M. Schweitzer<br>Printed Name of Attorney for Debtor(s)<br>Cleary Gottlieb Steen & Hamilton LLP<br>Firm Name<br>One Liberty Plaza, New York, NY 10006<br>Address<br>(212) 225-2000<br>Telephone Number<br>10/16/2014<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition<br><br>X */s/ José Ferrer Fernandez*<br>Signature of Authorized Individual<br>José Ferrer Fernandez<br>Printed Name of Authorized Individual<br>Chief Executive Officer<br>Title of Authorized Individual<br>10/16/2014<br>Date | Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

**Attachment**

**Pending Chapter 11 Cases Filed by Affiliates of Inversiones Alsacia S.A**

| Name of Debtor | District | Case No. / Relationship | Date Filed / Judge |
|---|---|---|---|
| Express de Santiago Uno S.A. | S.D.N.Y. | T.B.D. / Affiliate | October 16, 2014 / T.B.D. |
| Inversiones Eco Uno S.A. | S.D.N.Y. | T.B.D. / Affiliate | October 16, 2014 / T.B.D. |
| Panamerican Investments Ltd. | S.D.N.Y. | T.B.D. / Affiliate | October 16, 2014 / T.B.D. |

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
                                                           :
*In re*                                                    :   Chapter 11
                                                           :
Inversiones Alsacia S.A.,[1]                               :   Case No. 14-_____ (___)
                                                           :
                Debtor.        :
                                                           :
---------------------------------------------------------- X

## CORPORATE OWNERSHIP STATEMENT

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedures and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| SHAREHOLDER | ADDRESS OF SHAREHOLDERS | APPROXIMATE PERCENTAGE OF SHARES HELD |
|---|---|---|
| Global Public Services S.A. | Avenida Santa Clara 555, Huechuraba, Santiago, Chile | 100% |

---

[1] The last four digits of the Debtor's Chilean tax identification number are 400-3. For purposes of these chapter 11 cases, the service address for the Debtor is: Avenida Santa Clara 555, Huechuraba, Santiago, Chile.

| | NAME OF CREDITOR | COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, PARTIALLY SECURED OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (USD)[2] |
|---|---|---|---|---|---|
| 1. | VTF Latin America S.A. | Attn: Marcos Hepp Av. Juscelino K. de Oliveira, 2600, CIC Curitiba, Brazil + 55 41 33177725 | Trade Debt | | $11,233,690.92 |
| 2. | Compañia de Petroleos de Chile S.A. | Attn: Jaime Aburto Agustinas 1382 Santiago, Chile +562 6907228 | Trade Debt | | $8,954,719.63 |
| 3. | Compañía de Seguros Generales Penta Security S.A. | Attn: Benjamin Lea-Plaza El Bosque Norte 0440 Piso 7 Las Condes, Santiago, Chile +562 3390103 | Trade Debt | | $4,045,753.93 |
| 4. | Camden Servicios SpA | Attn: Cristian Cifuentes Av. Vitacura 2909 Oficina 202 Vitacura, Santiago, Chile +562 33178728 | Trade Debt | Subject to Setoff | $4,025,374.19 |
| 5. | Volvo Vehicles and Constructions | Attn: Laurent Passy Eduardo Frei Montalva 8691, Quilicura, Santiago, Chile +562 2991129 | Trade Debt | | $1,624,118.48 |
| 6. | Empresa Nacional de Energia Enex S.A. | Attn: Rodrigo Forno Avenida Del Cóndor Sur 520, Huechuraba, Santiago, Chile +562 4444801 | Trade Debt | | $1,584,519.85 |

---

[2]   This amount is converted from Chilean pesos to U.S. dollars using the October 1, 2014, currency exchange rate of 599.22 Chilean pesos per U.S. dollar, as published by the Central Bank of Chile.

2

| | NAME OF CREDITOR | COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, PARTIALLY SECURED OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (USD)[2] |
|---|---|---|---|---|---|
| 7. | Scania Chile S.A. | Attn: Jose I. Urcelay Panamericana Norte 9850, Quilicura, Santiago, Chile +562 7386060 | Trade Debt | | $1,142,911.35 |
| 8. | Scania Finance Chile S.A. | Attn: Oscar Mena Panamericana Norte 9850, Quilicura +562 6361818 | Trade Debt | | $891,410.33 |
| 9. | Sociedad Controladora de Evasion S.A. | Attn: Jorge Encina Miraflores 130 Piso 12 Santiago, Chile +562 7963801 | Trade Debt | | $862,574.28 |
| 10. | Alphatrading Ltda. | Attn: Alicia Prieto 5 de abril 4454, Estacion Central, Santiago, Chile +569 95344291 | Trade Debt | | $798,536.69 |
| 11. | Arrendamiento Mercantil S.A | Attn: Valeska Arancibia Nueva Tajamar 555, Piso 4 Las Condes, Santiago, Chile +562 6611500 | Trade Debt | | $685,067.87 |
| 12. | Mapfre Compañia de Seguros Generales de Chile S.A. | Attn: Rodrigo Morales Isidora Goyenechea 3520, Las Condes, Santiago, Chile +562 6947261 | Trade Debt | | $633,996.55 |
| 13. | Claro Chile S.A. | Attn: Alejandro Charme Avenida Del Condor 820, Huechuraba, Santiago, Chile +562 5825401 | Trade Debt | | $593,065.42 |

3

| | NAME OF CREDITOR | COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, PARTIALLY SECURED OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (USD)[2] |
|---|---|---|---|---|---|
| 14. | Liberty Cia. De Seguros Generales S.A. | Attn: Alejandro Jimenez Hendaya 60, piso 10, Las Condes, Santiago, Chile +562 3972011 | Trade Debt | | $512,506.97 |
| 15. | Incofin S.A. | Attn: Maricel Arellano Alameda 949 piso 13 Santiago, Chile +562 4829001 | Trade Debt | | $506,439.04 |
| 16. | Sociedad Comao Spa | Attn: Jose Vargas Arturo Prat 1350 Santiago, Chile +562 3635021 | Trade Debt | | $505,713.18 |
| 17. | Tesorero Municipal de Maipu | Attn: Pedro Herrerra General Ordoñez 176, Maipu, Santiago, Chile +562 6776886 | Property Tax | | $462,358.02 |
| 18. | Big Services S.P.A. | Attn: Ernesto Goycoolea El Bosque Norte 0134, Las Condes, Santiago, Chile +562 9434406 | Trade Debt | | $457,675.32 |
| 19. | Servicios Financieros Factor Plus S.A. | Attn: Adolfo Pedrero Merced 480 oficina 1200 Santiago, Chile +562 8700600 | Trade Debt | | $436,776.27 |
| 20. | BCI Factoring S.A. | Attn: Enrique Oliva Av. El Golf N° 125, Las Condes, Santiago, Chile +569 95648917 | Trade Debt | | $365,593.05 |

| | NAME OF CREDITOR | COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, PARTIALLY SECURED OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (USD)[2] |
|---|---|---|---|---|---|
| 21. | Transportes Novara Ltda. | Attn: Andrés Panza Vecinal 2725, Pedro Aguirre Cerda, Santiago, Chile +569 92383933 | Trade Debt | | $352,125.29 |
| 22. | Petrobras Chile Distribucion Ltda. | Attn: Juan F. Cuevas Avda. Cerro Colorado 5240, Torre 1, Piso 14, Las Condes, Santiago, Chile +562 3283761 | Trade Debt | | $304,381.27 |
| 23. | Centralservicing SpA | Attn: Lucia Duran Vitacura 2909 oficina 205, Vitacura, Santiago, Chile +562 4823304 | Trade Debt | | $291,543.48 |
| 24. | Maria Veronica Marquez | Attn: Veronica Marquez Fernandez Albano 3260, Cerrillos, Santiago, Chile +569 94331261 | Trade Debt | | $271,580.83 |
| 25. | Concreces Factoring S.A. | Attn: Miguel A. Garcia Providencia 1760, Piso 13, Santiago, Chile +562 9647444 | Trade Debt | | $240,193.80 |
| 26. | Citymovil SA | Attn: Felipe Vidal El Bosque Norte 0134, Piso 6, Las Condes, Santiago, Chile +562 9 404300 | Trade Debt | | $205,796.44 |

| | NAME OF CREDITOR | COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, PARTIALLY SECURED OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (USD)[2] |
|---|---|---|---|---|---|
| 27. | Banco Santander Chile | Attn: Carolina Leon Bandera 140, piso 2, Santiago, Chile +562 3202985 | Trade Debt | | $204,302.96 |
| 28. | Incar Seguridad Ltda. | Attn: Ana María Alvarez San José 7831, La Cisterna Santiago, Chile +562 5485488 | Trade Debt | | $201,310.56 |
| 29. | Emaserv S.A. | Attn: Tomas Sanchez Irarrazaval 259, Ñuñoa Santiago, Chile +562 6740101 | Trade Debt | | $163,591.75 |
| 30. | Sociedad Concesionaria Costanera Norte S.A. | Attn: Alfredo Ugarte General Prieto 1430 Independencia Santiago, Chile +562 6943483 | Trade Debt | | $156,331.37 |

## DECLARATION UNDER PENALTY
## OF PERJURY ON BEHALF OF CORPORATION

      Pursuant to 28 U.S.C. § 1746, I, Jose Ferrer Fernandez, the duly qualified and authorized signatory of Inversiones Alsacia S.A., declare under penalty of perjury under the laws of the United States of America that I have reviewed the Corporate Ownership Statement and it is true and correct to the best of my information and belief.

Dated:  October 15, 2014  
       Santiago, Chile

By: Jose Ferrer Fernandez  
Title: Chief Executive Officer

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                                             :
*In re*                                                      : Chapter 11
                                                             :
Inversiones Alsacia S.A.,[1]                                 : Case No. 14-_____ (___)
                                                             :
                    Debtor.                                  :
                                                             :
------------------------------------------------------------ X

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

The following is a consolidated list of creditors holding the thirty (30) largest unsecured claims against the above-captioned debtor and affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-referenced chapter 11 cases commenced on the date hereof (the "Top 30 List"). The Top 30 List has been prepared from the unaudited books and records of the Debtors, and reflects amounts from such records as of September 30, 2014. The Debtors file this Top 30 List in accordance with Federal Rule of Bankruptcy Procedure 1007(d). The Top 30 List does not include (1) "insiders", as defined in 11 U.S.C. § 101, or (2) secured creditors, unless an unsecured portion of a secured creditor's claim based on collateral value places the secured creditors among the holders of the top thirty (30) largest unsecured claims. The information listed on this list are estimates and shall not be binding upon any of the Debtors, and shall not constitute any Debtors' admission of liability. The information herein, including the failure of the Debtor to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtor's right to contest the priority, nature, amount, or status of any such claim or debt.

*[Remainder of page intentionally left blank; consolidated list of creditors follows]*

---

[1]    The last four digits of the Debtor's Chilean tax identification number are 400-3. For purposes of these chapter 11 cases, the service address for the Debtor is: Avenida Santa Clara 555, Huechuraba, Santiago, Chile.

## DECLARATION CONCERNING THE CONSOLIDATED LIST
## OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, the undersigned authorized officer of Inversiones Alsacia S.A. in the above-captioned case (the "Debtor"), declare under penalty of perjury under the laws of the United States of America that I have read the foregoing consolidated list of creditors holding the thirty (30) largest unsecured claims against the Debtor and certain of its affiliated debtors and debtors-in-possession, and that it is true and correct to the best of my information and belief.

Dated: October 15, 2014
       Santiago, Chile

By: Jose Ferrer Fernandez
Title: Chief Executive Officer

## ACTA

## SESION EXTRAORDINARIA DE DIRECTORIO

## INVERSIONES ALSACIA S.A.

En Santiago de Chile, a 14 de octubre de 2014, siendo las 08:00 horas, en las oficinas de la compañía ubicadas en Av. Recoleta número 5151, comuna de Huechuraba, ciudad de Santiago, se reúne el Directorio de Inversiones Alsacia S.A. (en adelante, la "Sociedad"), con la asistencia de sus Directores Titulares debidamente nombrados señores Carlos Ríos Velilla y Per Gabell, quienes se conectan telefónicamente de forma permanente e ininterrumpida, y del señor José Ferrer Fernández, quien a la vez es el Gerente General de la Sociedad.

Actúa como Presidente el titular del cargo señor Carlos Ríos Velilla, y como Secretaria doña Adriana Rivera Salcedo

I.  **TABLA**

El Secretario da cuenta que en la presente sesión extraordinaria de Directorio, será tratado el otorgamiento poderes especiales de representación de la Sociedad a un representante (el "Apoderado") para efectos que actuando en nombre y representación de la Sociedad, pueda iniciar un procedimiento voluntario de reorganización bajo el capítulo 11 del *United States Code* ("Código de Quiebras") ante la *United States Bankruptcy Court for the Southern District of New York* (la "Corte de Quiebras"). Lo anterior en el marco de la reestructuración de la deuda de la Sociedad, y sus relacionadas Express de Santiago Uno S.A. ("Express"), Inversiones Eco Uno S.A. ("Eco Uno") y Panamerican Investments Ltd. ("Panamerican", y conjuntamente con la Sociedad, Express y Eco Uno, las "Compañías"), con respecto a los titulares de 8.00% de las notas senior garantizadas con vencimiento en el 2018 emitidas por la Sociedad en febrero de 2011, con Express, Eco Uno y Panamerican (las "Notas Senior Garantizadas").

II.  **OBJETO DE LA SESIÓN**

El Presidente hizo un resumen del estado actual de las negociaciones llevadas a cabo a la fecha con aproximadamente el 62,7% de los tenedores de las Notas Senior Garantizadas (el "Grupo Ad Hoc"), las cuales culminaron en un acuerdo con respecto a la reestructuración consensuada de la Compañía, Express, Eco Uno y Panamerican (el "Acuerdo de Reestructuración Plan de Apoyo", "ARPA" o "RPSA").

El Presidente señaló que el 28 de agosto de 2014, los Directorios de cada una de las Compañías, luego de una discusión y después de determinar que era en el mejor interés de cada una de ellas, votaron a favor de aprobar el ARPA y autorizó a cada Compañía, entre otros, a tomar todas las acciones necesarias para implementar los términos del ARPA.

El Presidente adicionalmente explicó que en relación con la aplicación del ARPA, las Compañías comenzaron una solicitud de pre-petición de la reestructuración prevista por el ARPA a los tenedores de las Notas Senior Garantizadas. Los materiales incluidos en la solicitud incluyen, sin

limitación, la propuesta de plan de reorganización (el "Plan") y una declaración de revelación (la "Declaración de Revelación").

Seguidamente, el Presidente explicó que en relación con la implementación de los términos del ARPA, es necesario y en el mejor interés de la Sociedad, otorgar poderes especiales de representación de la Sociedad al Apoderado para que éste actúe en nombre y representación de la Sociedad, y tenga la autoridad y facultades necesarias para dar inicio a un procedimiento voluntario ("Prepackaged") de reorganización bajo el capítulo 11 del Código de Quiebras ante la Corte de Quiebras. A mayor abundamiento, señala el Presidente que en dicha representación el Apoderado deberá poder presentar en nombre y representación de la Sociedad la correspondiente o correspondientes solicitudes bajo el capítulo 11 del Código de Quiebras, así como cualquier otro documento accesorio o anexo a ella o ellas, tales como (pero en ningún caso limitado a) uno o más Planes y sus Declaraciones de Revelación, cualquier petición (como por ejemplo aquellas relacionadas a la retención de ciertos profesionales), anexos, solicitudes, listas, peticiones, alegatos y otros documentos o antecedentes necesarios y/o requeridos ya sea por el Código de Quiebras y/o la Corte de Quiebras o cualquier otra ley o norma aplicable o por cualquier otra autoridad competente, o aquellos determinados como razonables y/o necesarios por el Apoderado para el éxito de la gestión a ellos encomendada y en especial de los procedimientos seguidos bajo dicho capítulo 11, y tomar cualquier y todas las acciones que el Apoderado considere necesarias o adecuadas para obtener ese resultado, incluyendo, pero no limitado a, cualquier acto necesario para mantener el curso ordinario de la operación de los negocios de la Sociedad.

El Presidente señaló además que el Apoderado debe estar autorizado y facultado para actuar en nombre de la Sociedad, y llevar a cabo o hacer que se lleven a cabo cualquier y toda acción, y para ejecutar, reconocer, entregar y presentar cualquier y todo instrumento que a su discreción, considere necesario o conveniente con el fin de llevar a cabo el propósito y la intención de los poderes especiales.

Asimismo, el Presidente explicó que el Apoderado deberá estar autorizado para nombrar y mantener a (i) Cleary Gottlieb Steen & Hamilton LLP, como asesor guía de quiebras (*lead bankruptcy counsel*); (ii) FTI Consulting, como asesor guía financiero (*lead financial advisors*); (iii) Prime Clerk LLC como agente de notificaciones y reclamaciones (*claims and noticing agent*); y, (iv) cualquier otro profesional que el Apoderado considere necesario y apropiado para ayudar a las Compañías en el ejercicio de sus funciones de conformidad con el Código de Quiebras y el Plan.

El Presidente señaló además que el Directorio ha tenido la oportunidad de consultar con la gerencia y los asesores financieros y legales de la Sociedad y han considerado y analizado cabalmente cada una de las alternativas estratégicas disponibles para la Sociedad.

Por último, el Presidente explicó que para evitar dudas, el Directorio ratifique todas las decisiones, actos, acciones y transacciones aprobadas en sesiones anteriores del Directorio y que hayan sido registradas en sus respectivas actas.

Acuerdo: El Directorio luego de un breve debate y por la unanimidad de sus miembros presentes, acuerda aceptar la propuesta del Presidente y otorgar poder especial de representación de la Sociedad, en los mismos términos por él propuestos, a don José Ferrer Fernández.

### III.   REDUCCIÓN A ESCRITURA PÚBLICA

Se acuerda facultar a don Jorge Garcés Garay y a doña María de la Luz Navarro Ortúzar, para que actuando individual o conjuntamente, puedan reducir a escritura pública en todo o en parte la presente acta, así como para requerir de los registros competentes las inscripciones, subinscripciones, cancelaciones y anotaciones que sean procedentes.

No existiendo otras materias que tratar, el señor Presidente pone término a la presente sesión a las 09:00 horas.

Carlos Ríos Velilla
Presidente

Per Gabri
Director

José Ferrer Fernández
Director

Adriana Rivera Salcedo
Secretaria

## MINUTES

## EXTRAORDINARY MEETING OF THE BOARD OF DIRECTORS

## INVERSIONES ALSACIA S.A.

In Santiago de Chile, on October 14, 2014 and at 8:00 am, at the offices of the company located at Av. Recoleta number 5151, borough Huechuraba, city of Santiago, meets the Board of Inversiones Alsacia S.A. (hereinafter the "**Company**"), being present its duly appointed principal directors Mr. Carlos Rios Velilla and Mr. Per Gabell, who are connected by telephone permanently and continuously, and Mr. José Ferrer Fernández, who is the General Manager of the Company.

Acts as the incumbent chairman Mr. Carlos Rios Velilla, and as Secretary Ms. Adriana Rivera Salcedo.

### I. TABLE

The Secretary states that in this extraordinary board meeting, it will be discussed to grant special powers to represent the Company to a proxy (the "**Proxy**") to the effect that acting on behalf of the Company may initiate a voluntary reorganization proceeding under the Chapter 11 of the United States Code ("**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The latter, within the framework of the debt restructuring of the Company and its affiliated companies Express de Santiago Uno S.A. ("**Express**"), Inversiones Eco Uno S.A. ("**Eco Uno**") and Panamerican Investments Ltd. ("**Panamerican**," and together with the Company, Express and Eco Uno, the "**Companies**"), with respect to the holders of 8.00% senior secured notes due on 2018 issued by the Company in February 2011, with Express, Eco Uno and Panamerican (the "**Senior Secured Notes**").

### II. PURPOSE OF THE SESSION

The chairman recapped the current state of negotiations conducted at this date with approximately 62.7% of the holders of the Senior Secured Notes (the "**Ad Hoc Group**"), which culminated in an agreement with respect to the consensual restructuring of the Company, Express, Eco Uno and Panamerican (the "**Restructuring Plan Support Agreement**" or "**RPSA**").

The chairman noted that on August 28, 2014, each of the boards of directors of each of the Companies, following a discussion and after determining that it was in the best interests of each of the Companies, voted to approve the RPSA and authorized each of the companies to, *inter alia*, take any and all required actions to implement the terms of the RPSA.

The chairman further explained that in connection with the implementation of the RPSA, the Companies commenced a prepetition solicitation of the restructuring contemplated by the RPSA to the holders of the Senior Secured Notes. The materials included in the solicitation included, without limitation, the proposed plan of reorganization (the "**Plan**") and a disclosure statement (the "**Disclosure Statement**").

Then, the chairman explained that in connection with the implementation of the terms of the RPSA, it is necessary and in the best interests of the Company to grant special powers to the Proxy to act on behalf of the Company, and grant the authority and powers necessary to initiate a voluntary prepackaged reorganization proceeding under Chapter 11 of the Bankruptcy Code with Bankruptcy Court. Furthermore, the chairman noted that in this representation the Proxy must be able to file on behalf of the Company, the corresponding applications under Chapter 11 of the Bankruptcy Code, and any other

document accessory or attached thereto such as (including but not limited to) one or more Plans and Disclosure Statements, any motions (including for the retention of certain professionals), schedules, applications, lists, requests, pleadings and other documents or records necessary and/or required by either the Bankruptcy Code and/or the Bankruptcy Court or any other applicable law or regulation or any other competent authority, or those determined to be reasonable and/or necessary by said Proxy for the success of the task entrusted to him, and especially of the proceedings under said Chapter 11, and to take any and all actions that the Proxy deems necessary or proper to obtain such relief, including but not limited to, any action necessary to maintain the ordinary course of operation of the Company's businesses.

The Chairman further noted that the Proxy must be authorized and empowered to act on behalf of the Company, and to take or cause to be taken any and all actions, and to execute, acknowledge, deliver and file any and all such instruments as each, in his discretion, may deem necessary or advisable in order to carry out the purpose and intent of the special powers.

The Chairman also explained that the Proxy must be permitted to retain the corporations of (i) Cleary Gottlieb Steen & Hamilton LLP, as lead bankruptcy counsel, (ii) FTI consulting, as lead financial advisors, (iii) Prime Clerk LLC as claims and noticing agent and (iv) any other professionals that the Proxy deems necessary and appropriate to assist the Companies in carrying out its duties under the Bankruptcy Code and the Plan.

The Chairman further noted that the board of directors has had the opportunity to consult with the management and financial and legal advisors to the Company and has fully considered and analyzed each of the strategic alternatives available to the Company.

Finally, the Chairman explained that for the avoidance of doubt, the board of directors ratify all decisions, acts, actions and transactions approved in previous meetings of the board of directors and that have been registered in their respective minutes.

**Agreement:** The Board after a brief discussion and by unanimous vote of the members present, agreed to accept the proposal of the Chairman and grant special power of representation of the Company, in the same terms proposed, to Mr. José Ferrer Fernández.

### III.  PUBLIC DEED EXECUTION

It is resolved to authorize Mr. Jorge Garcés Garay and Ms. Maria de la Luz Navarro Ortúzar to execute, individually or jointly, a public deed to include all or part of this minute, and to require to the competent registries, the registrations, sub registrations, cancellations and annotations that are applicable .

There are no other matters to discuss, and the chairman ends the current meeting at 9:00 am.