CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Lisa M. Schweitzer

*Proposed Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- X
                                                                :
*In re*                                                         :     Chapter 11
                                                                :
Inversiones Alsacia S.A.,                                       :     Case No. 14-_____ (___)
                                                                :
        Debtor.                                      :
                                                                :
Tax I.D. No. 99.577.400-3                                       :
--------------------------------------------------------------- X
                                                                :
*In re*                                                         :     Chapter 11
                                                                :
Express de Santiago Uno S.A.,                                   :     Case No. 14-_____ (___)
                                                                :
        Debtor.                                      :
                                                                :
Tax I.D. No. 99.577.390-2                                       :
--------------------------------------------------------------- X
                                                                :
*In re*                                                         :     Chapter 11
                                                                :
Inversiones Eco Uno S.A.,                                       :     Case No. 14-_____ (___)
                                                                :
        Debtor.                                      :
                                                                :
Tax I.D. No. 76.195.710-4                                       :
--------------------------------------------------------------- X

| | | |
|---|---|---|
| ------------------------------------------------------------ X | | |
| | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Panamerican Investments Ltd., | : | Case No. 14-_____ (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 43471 | : | |
| ------------------------------------------------------------ X | | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

**("JOINT ADMINISTRATION MOTION")**

Inversiones Alsacia S.A. ("Alsacia") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby file this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A, directing joint administration and procedural consolidation of their related chapter 11 cases and granting the Debtors such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely on the *Declaration of Jose Ferrer Fernandez in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "First Day Declaration").[1] In further support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND[2]

**A.   The Chapter 11 Filings**

4.  On the date hereof, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date and time of such filing, the "Petition Date"). By this motion, the Debtors are seeking joint administration of their chapter 11 cases (the "Chapter 11 Cases") under Bankruptcy Rule 1015(b) and consolidation for procedural purposes only. The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.

**B.   The Debtors' Businesses**

5.  Alsacia and its debtor-affiliate, Express de Santiago Uno S.A. ("Express" together with Alsacia, the "Concessionaires"), operate passenger bus lines of the public transportation system of the Santiago, Chile metropolitan area (known as the Transantiago system) under two concession agreements (the "Concession Agreements") with the Republic of Chile's Ministry of Transportation and Telecommunications ("MTT"). The Concessionaires' combined operations constitute the largest bus transportation operator in the Santiago metropolitan area, as measured by bus capacity and scheduled route length.

---

[2]  A more complete description of the Debtors' corporate structure and businesses, and the events leading to the Chapter 11 Cases, are set forth in the First Day Declaration and the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of Inversiones Alsacia S.A. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"), each filed on the date hereof.

6.     During 2013, the Debtors reported consolidated revenues of approximately $431.7 million and generated approximately $59.3 million in EBITDA. As of the Petition Date, the Debtors had outstanding prepetition debt obligations of approximately $368.1 million, consisting primarily of approximately $347.3 million in outstanding principal amount under the 8.0% senior secured notes due 2018 issued by Alsacia (the "Senior Secured Notes"). The Senior Secured Notes are guaranteed by debtor-affiliates Express, Inversiones Eco Uno S.A. ("Eco Uno") and Panamerican Investments Ltd. ("Panamerican").

**C.     The Proposed Restructuring**

7.     Since the issuance of the Senior Secured Notes in 2011, the Debtors' cash flows have not grown to a level sufficient to support the Debtors' existing debt obligations on their current terms. Due to a number of factors, including new concession agreements that included unfavorable changes to revenue formulas and other terms, rising fare evasion, declining passenger traffic as a result of a rise in competing modes of transportation, substantial investment in an ongoing bus overhaul program and the Debtors' existing debt service obligations, the Debtors determined it would be necessary to restructure the Senior Secured Notes in order to meet their financial obligations over the long-term.

8.     To that end, in the months prior to the Petition Date, the Debtors engaged in extensive negotiations and discussions with an informal group of holders of approximately 63% of the outstanding Senior Secured Notes (the "Ad Hoc Group"). These discussions culminated in an agreement with certain holders, or investment managers for holders, of the Senior Secured Notes who signed a restructuring and plan support agreement (the "Consenting Senior Secured Noteholders") with respect to a consensual restructuring on the terms set forth in the *Debtors' Joint Prepackaged Chapter 11 Plan*, dated October 16, 2014 (including all exhibits and supplements thereto, the "Plan") and as memorialized in the Restructuring and Plan Support

4

Agreement, dated as of August 31, 2014 (as amended, the "RPSA"), by and among each of the Debtors, each of the Alsacia Shareholders and each of the Consenting Senior Secured Noteholders.

9. Following execution of the RPSA, the Debtors commenced a prepetition solicitation of the Plan to holders of the Senior Secured Notes Claims – the only class of claims or interests entitled to vote on the Plan. Prior to the Petition Date, 100% in amount and number of the holders of Senior Secured Notes Claims that cast ballots, constituting approximately 82.6% of the outstanding amount of the Senior Secured Notes, voted to accept the Plan.

10. If confirmed, the Plan will implement the agreed restructuring of the Debtors' obligations to the holders of the Senior Secured Notes, providing that (i) Qualified Holders of Senior Secured Notes will each receive their pro rata share of the New Notes in accordance with the terms set forth in the Plan, (ii) Non-Qualified Holders of Senior Secured Notes will receive the Non-Qualified Holder Distribution, paid in cash, and (iii) all holders of Senior Secured Notes Claims will receive an amount equal to the accrued interest on the principal amount of the Senior Secured Notes from (and including) October 1, 2014 through (and excluding) the date on which the New Notes are issued (based upon a principal amount of $364,433,466.67), paid in cash. Under the Plan, each holder of any other allowed claim or interest will receive treatment that renders such allowed claim or interest not impaired (through reinstatement or satisfaction of such claim or interest).

11. The Debtors intend to seek expeditious approval of the Disclosure Statement and confirmation of the Plan in accordance with the terms of the RPSA. The Debtors believe that the Plan represents the best prospect for restructuring the Debtors' capital structure, providing the Concessionaires with adequate liquidity to perform under the Concession Agreements and

positioning the Concessionaires to continue as efficient and competitive passenger bus operators serving the people of Santiago, Chile.

## RELIEF REQUESTED

12. By this Motion, the Debtors seek entry of an order directing joint administration of the Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file, one docket and one service list for all of the Chapter 11 Cases under the case of Inversiones Alsacia S.A., and that the Chapter 11 Cases be administered under the following caption:

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------X
:
*In re*                                                   :    Chapter 11
:
Inversiones Alsacia S.A., *et al.*,[1]                    :    Case No. 14-_____ (___)
:
            Debtors.                                      :    Jointly Administered
:
:
:
----------------------------------------------------------X

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtor's Chilean and/or Bermudan tax identification number, as applicable, are: Inversiones Alsacia S.A. [400-3]; Express de Santiago Uno S.A. [390-2]; Inversiones Eco Uno S.A. [710-4]; and Panamerican Investments Ltd. [3471]. The location of the corporate headquarters and the service address for Inversiones Alsacia S.A. and Panamerican Investments Ltd. is: Avenida Santa Clara 555, Huechuraba, Santiago, Chile. The location of the corporate headquarters and the service address for Express de Santiago Uno S.A. and Inversiones Eco Uno S.A. is: Camino El Roble 200, Pudahuel, Santiago, Chile.

13. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

14. Additionally, the Debtors request that an entry be made on the docket of each of the Chapter 11 Cases, other than on the docket of the case of Inversiones Alsacia S.A., that is substantially similar to the following:

6

>An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of:  Inversiones Alsacia S.A., Case No. 14-[•]; Express de Santiago Uno S.A., Case No. 14-[•]; Inversiones Eco Uno S.A., Case No. 14-[•]; and Panamerican Investments Ltd., Case No. 14-[•].  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 14-[•] ([•]).

## BASIS FOR RELIEF

15.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by. . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b)(4).

16.  Joint administration is generally non-controversial, and courts in this district routinely order joint administration in multiple related cases.  See, e.g., Order, In re Aramid Entertainment Fund Ltd., Case No. 14-11802 (SHL) (Bankr. S.D.N.Y. July 3, 2014), ECF No. 33; Order, In re Genco Shipping & Trading Limited, Case No. 14-11108 (SHL) (Bankr. S.D.N.Y. April 23, 2014), ECF No. 29; Order, In re MPM Silicones, LLC, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014), ECF No. 26; Order, In re LodgeNet Interactive Corp., Case No. 13-10238 (SCC) (Bankr. S.D.N.Y. Jan. 29, 2013), ECF No. 41; Order, In re Blockbuster, Inc., Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Sept. 23, 2010), ECF No. 36.[3]

17.  The relief requested herein is warranted.  First, the Debtors are "affiliates," as that term is defined under section 101(2) of the Bankruptcy Code, and each Debtor's chapter 11 case is pending in this Court.  Thus, the conditions set forth in Bankruptcy Rule 1015(b) for joint administration of the Chapter 11 Cases are satisfied.  Second, the First Day Declaration supports this Motion and establishes that the joint administration of the Chapter 11 Cases is warranted and

---

[3]   Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

7

will ease the administrative burden for the Court and the parties in interest. As set forth in the First Day Declaration, the Debtors are affiliates and their operations are largely interrelated or shared. All of the Debtors are obligors or guarantors under the Senior Secured Notes Indenture. Third, the Debtors have negotiated the terms of the Plan with the Ad Hoc Group, pursuant to the RPSA, which imposes the same obligations on each of the Debtors and their respective Chapter 11 Cases.

18.   Moreover, many of the motions, hearings and orders that will arise in the Chapter 11 Cases will affect each and every Debtor. Joint administration of the Chapter 11 Cases will reduce parties' fees and costs by avoiding duplicative filings and objections and will make the most efficient use of the Court's valuable resources. Joint administration also will allow the Office of the United States Trustee for Region 2 (the "<u>U.S. Trustee</u>") and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency. Finally, joint administration will not adversely affect the Debtors' respective constituencies because the relief requested herein is for procedural purposes only. No party in interest will be prejudiced by the joint administration of the Chapter 11 Cases. Rather, parties in interest will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors and all other parties in interest.

## NOTICE

19.   Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Trustee and the U.S. Collateral Trustee; (iii) the Chilean Collateral Trustee; (iv) counsel to the Ad Hoc Group; (v) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; (vi) the Internal Revenue Service; (vii) the Securities and Exchange

Commission; and (viii) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

20. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: October 16, 2014
      New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ *Lisa M. Schweitzer*
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel for the Debtors
and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
*In re*                                                          :    Chapter 11
                                                                 :
Inversiones Alsacia S.A.,                                        :    Case No. 14-_____ (___)
                                                                 :
          Debtor.                                          :
                                                                 :
Tax I.D. No. 99.577.400-3                                        :
---------------------------------------------------------------- X
                                                                 :
*In re*                                                          :    Chapter 11
                                                                 :
Express de Santiago Uno S.A.,                                    :    Case No. 14-_____ (___)
                                                                 :
          Debtor.                                          :
                                                                 :
Tax I.D. No. 99.577.390-2                                        :
---------------------------------------------------------------- X
                                                                 :
*In re*                                                          :    Chapter 11
                                                                 :
Inversiones Eco Uno S.A.,                                        :    Case No. 14-_____ (___)
                                                                 :
          Debtor.                                          :
                                                                 :
Tax I.D. No. 76.195.710-4                                        :
---------------------------------------------------------------- X
                                                                 :
*In re*                                                          :    Chapter 11
                                                                 :
Panamerican Investments Ltd.,                                    :    Case No. 14-_____ (___)
                                                                 :
          Debtor.                                          :
                                                                 :
Tax I.D. No. 43471                                               :
---------------------------------------------------------------- X

# ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES
## ("JOINT ADMINISTRATION ORDER")

Upon the motion (the "Motion")[1] of Inversiones Alsacia S.A. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order directing the joint administration of the Debtors' related chapter 11 cases, as more fully described in the Motion; and upon First Day Declaration, filed concurrently with the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted to the extent set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 14-_____ (___).

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
: 
*In re* : Chapter 11
:
Inversiones Alsacia S.A., *et al.*,[1] : Case No. 14-_____ (___)
:
                                   Debtors. : Jointly Administered
:
:
---------------------------------------------------------X

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtor's Chilean and/or Bermudan tax identification number, as applicable, are: Inversiones Alsacia S.A. [400-3]; Express de Santiago Uno S.A. [390-2]; Inversiones Eco Uno S.A. [710-4]; and Panamerican Investments Ltd. [3471]. The location of the corporate headquarters and the service address for Inversiones Alsacia S.A. and Panamerican Investments Ltd. is: Avenida Santa Clara 555, Huechuraba, Santiago, Chile. The location of the corporate headquarters and the service address for Express de Santiago Uno S.A. and Inversiones Eco Uno S.A. is: Camino El Roble 200, Pudahuel, Santiago, Chile.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. An entry shall be made on the docket of each of the Debtors' cases, other than that of Inversiones Alsacia S.A., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: Inversiones Alsacia S.A., Case No. 14-[•]; Express de Santiago Uno S.A., Case No. 14-[•]; Inversiones Eco Uno S.A., Case No. 14-[•]; and Panamerican Investments Ltd., Case No. 14-[•]. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 14-[·] ([·]).

3

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of New York shall keep, one consolidated docket, one file and one consolidated service list.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases.

8. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2014      _____
New York, New York                          United States Bankruptcy Judge